UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA W. HORN, | No. 2:17-cv-0814 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| EXPERIS US INC., A MANPOWER BRAND COMPANY, | |
| Defendant. | |

Plaintiff Ella Horn is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 30, 2018, defendant filed a motion for summary judgment. (ECF No. 24.) That motion is noticed hearing before the undersigned on January 11, 2019. (ECF No. 25.)

On December 10, 2018, plaintiff filed an emergency motion to stay these proceedings. (ECF No. 26.) Therein, plaintiff argues that this action should be stayed "pending resolution of a related case pending appeal in the United States Court of Appeals for the Ninth Circuit" involving a ruling out of the Northern District of California. (Id. at 1.) According to plaintiff, defendant's pending motion for summary judgment "is based on and supported by the Northern District Court's ruling" in that action. (Id.)

////

1

| | |
|---|---|
| 1 | "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . |
| 2 | [that] 'is dependent upon the circumstances of the particular case.'" Nken v. Holder, 556 U.S. |
| 3 | 418, 433-344 (2009) (quoting Virginian Ry. Co. v. US, 272 U.S. 658, 672-73 (1926)). The |
| 4 | district court has broad discretion to stay proceedings as an incident to its power to control its |
| 5 | own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., |
| 6 | 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." |
| 7 | Id. at 706. When considering a motion to stay, the district court should consider: |

> the possible damage which may result from the granting of a stay,
> the hardship or inequity which a party may suffer in being required
> to go forward, and the orderly course of justice measured in terms of
> the simplifying or complicating of issues, proof, and questions of law
> which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Here, defendant's motion for summary judgment is not based on the ruling from the Northern District. And even if it were, that ruling would not be binding on this court. See ATSI Communications, Inc. v. Shaar Fund, Ltd, 547 F.3d 109, 112 (2nd Cir. 2008) ("District court decisions . . . create no rule of law binding on other courts"). Thus, plaintiff would not suffer hardship or inequity by being required to go forward in this action. And it cannot be said that granting a stay would result in the simplification of any issue, proof, or question of law in this action. Instead, granting a stay would only serve to delay this action.

Plaintiff's request for a stay will, therefore, be denied. However, the undersigned will continue the hearing of defendant's motion for summary judgment to allow plaintiff additional time to prepare an opposition or statement of non-opposition to defendant's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 10, 2018 emergency motion to stay (ECF No. 26) is denied;

2. The January 11, 2018 hearing of defendant's motion for summary judgment (ECF No. 24) is continued to **Friday, February 1, 2019, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

////

3. On or before **January 18, 2019**, plaintiff shall file a statement of opposition or non-opposition to defendant's motion for summary judgment; and

4. Plaintiff is cautioned that the failure to timely comply with this order may result in the recommendation that this case be dismissed.

Dated: December 21, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\horn0814.stay.ord